IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CANINO-PARRA, | ) | FILED: MAY 14, 2008 |
| | ) | 08 cv 2796    JH |
| Plaintiff, | ) | JUDGE ST. EVE |
| v. | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| HBLC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Anthony Canino-Parra brings this action to secure redress against unlawful credit and collection practices engaged in by defendant HBLC, Inc.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and abuse of process.   The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15  U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, plaintiff alleges that defendant brought suit against plaintiff on an alleged debt barred by the statute of limitations.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

5. Venue and personal jurisdiction in this District are proper because defendant is located in this District.

### PARTIES

6. Plaintiff is an individual who resides in the Northern District of

Illinois.

7. Defendant HBLC, Inc. is an Illinois corporation. Its registered agent and office are Jennifer L. McAllister, 421 N. Northwest Hwy., Suite 201, Barrington, IL 60010.

8. Defendant HBLC, Inc. is engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

9. On information and belief, HBLC, Inc. pays an average of less than 10 cents on the dollar for the debts it purchases.

10. Defendant HBLC, Inc. is a "debt collector" as defined in the FDCPA.

### FACTS RELATING TO PLAINTIFF

11. During 2007, defendant HBLC, Inc., filed a collection action against plaintiff in the Circuit Court of Cook County, case 07 M1 117924.

12. Such legal action was taken for the purpose of collecting a debt allegedly incurred for personal, family or household purposes.

13. Plaintiff did not learn of the lawsuit, and had no means of learning of it, until October 2007, after a default judgment had been entered based on supposed substitute service and postjudgment collection process was served on plaintiff's employer.

14. Plaintiff promptly retained counsel and moved to vacate the judgment, which was granted by order of November 26, 2007. Plaintiff appeared and defended the lawsuit.

15. On the trial date, April 14, 2008, HBLC nonsuited the lawsuit against plaintiff.

16. The lawsuit was based on a purported credit card debt that had been charged off in the late 1990s, more than five years prior to the filing of suit.

17. The state court complaint did not have attached to it any writing signed by plaintiff.

18. The debt was barred by the five-year statute of limitations.

19. Plaintiff was damaged by the prosecution of the time-barred lawsuit.

## VIOLATION ALLEGED

20.     The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.  *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987).

21.     Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22.     Section 1692f provides:

> **§ 1692f.      Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

...

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman<br>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20511\Pleading\Complaint_Pleading.wpd